**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03566-NYW-TPO

ARRON "AJ" JOHNSON; and
ANGIE NAOMI JOHNSON, individually and as parents and next friends of minor children L.W.J and C.R.J.,

Plaintiffs,

v.

UNIVERSITY OF DENVER, a private institution of higher education;
RICKS CENTER FOR GIFTED CHILDREN;

Defendants.

---

**DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT**

---

Defendants, through undersigned counsel, provide the following answer to Plaintiffs' Second Amended Complaint (ECF 34) pursuant to Fed. R. Civ. P. 12(a).

## I. INTRODUCTION

1. Defendants admit that this action is brought pursuant to Section 504 of the Rehabilitation Act of 1973. Otherwise, denied.

2. Defendants admit that Plaintiffs Arron Johnson and Angie Naomi Jonnson are parents of minor children L.W.J. and C.R.J. and that those children have documented disabilities. Defendants further admit that the Johnson family enrolled the children at the Ricks Center for Gifted Children ("Ricks Center") but have since withdrawn them. Otherwise, denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Defendants admit that Plaintiffs seek compensatory damages as part of their federal lawsuit. Otherwise, denied.

## II. JURISDICTION AND VENUE

8. Admit.

9. Admit.

10. Admit.

## III. PARTIES

11. Defendants admit that Mr. Johnson brings this action as parent and next friend of L.W.J. and C.R.J. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 11.

12. Defendants admit that Mrs. Johnson brings this action as parent and next friend of L.W.J. and C.R.J. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 12.

13. Defendants admit that Mr. and Mrs. Johnson bring this action as parent and next friend of L.W.J. and admit that she is a minor. Defendants further admit that documents provided by the family reflect that L.W.J. has been diagnosed with certain conditions and state that those documents speak for themselves. Defendants further admit that L.W.J. had a Section 504 Plan at her prior school district and that the Section

504 Plan was provided to staff at the Ricks Center at or around the time that L.W.J. was enrolled at the Ricks Center. Otherwise, denied.

14. Defendants admit that Mr. and Mrs. Johnson bring this action as parent and next friend of C.R.J. and admit that she is a minor. Defendants further admit that documents provided by the family reflect that C.R.J. has been diagnosed with certain conditions and state that those documents speak for themselves. Defendants lack sufficient information to admit or deny the cognitive scores cited in Paragraph 14 of the complaint. Defendants further admit that C.R.J. had a Section 504 Plan at her prior school district and that the Section 504 Plan was provided to staff at the Ricks Center at or around the time that C.R.J. was enrolled at the Ricks Center. Otherwise, denied.

15. Defendants admit that the University of Denver is a private university located in Denver, Colorado. Defendants admit that the Rick Center operates out of the University of Denver's Morgridge College of Education. Defendants further admit that the University of Denver and Ricks Center receive federal financial assistance. Otherwise, denied.

16. Defendants admit that the Ricks Center is designed for gifted students, that it operates out of the University of Denver's Morgridge College of Education, located in Denver, Colorado, and that Ricks Center receives federal financial assistance. Otherwise, denied.

## IV. STATEMENT OF FACTS

**Background of the Johnson Family and Their Disabilities**

17. Defendants admit that Mr. and Mrs. Johnson are the parents of L.W.J. and C.R.J. and that the children are minors. Otherwise, Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 17.

18. Defendants lack sufficient information to admit or deny the allegations in Paragraph 18 of the Complaint.

19. Defendants lack sufficient information to admit or deny the allegations in Paragraph 19 of the Complaint.

20. Defendants admit that documents provided by the family reflect that L.W.J. has been diagnosed with certain conditions and that those documents speak for themselves. Otherwise, denied.

21. Defendants admit that documents provided by the family reflect that C.R.J. has been diagnosed with certain conditions and that those documents speak for themselves. Otherwise, denied. Defendants lack sufficient information to admit or deny the cognitive scores alleged in Paragraph 21. Otherwise, denied.

22. Defendants admit that L.W.J. and C.R.J. had Section 504 Plans at their prior school districts and that those Plans were provided to staff at the Ricks Center at or around the time they enrolled at Ricks Center.

**Educational History Prior to Ricks Center**

23. Admit.

24. Defendants lack sufficient information to admit or deny the allegations in Paragraph 24.

25. Defendants admit that L.W.J. and C.R.J. had Section 504 Plans while attending school in Poudre School District but state that those Plans speak for themselves. Otherwise, denied.

**Enrollment at Ricks Center and Initial Discrimination**

26. Defendants admit that LW.J. and C.R.J. were enrolled at Ricks Center at the beginning of the 2023-2024 school year but deny that the family first enrolled them that year. Defendants lack sufficient information to admit or deny parents' motivations for enrolling their children at Ricks Center.

27. Defendants admit that the Johnson parents provided a copy of the Section 504 Plans to staff at Ricks Center at or around the time they enrolled L.W.J. and C.R.J. at the school. Otherwise, denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

**Pattern of Communication Failures and Educational Neglect**

33. Defendants admit that Mr. and Mrs. Johnson contacted Ms. Matteson and other staff at Ricks Center about the math class, but those contacts speak for themselves. Otherwise, denied.

34. Denied.

35. Defendants lack sufficient information to admit or deny the allegations in Paragraph 35.

36. Defendants admit that staff at Ricks Center corresponded with Mr. and Mrs. Johnson concerning work the children could do at home while they were quarantined with COVID-19. Otherwise, denied.

37. Denied.

**Escalation of Concerns and Administrative Response**

38. Defendants admit that Mr. and Mrs. Johnson contacted staff at Ricks Center regarding concerns with the math class and further admit that staff met with the Johnsons on multiple occasions regarding those concerns. Otherwise, denied.

39. Defendants admit that on October 5, 2023, Mr. Harrer, along with Heather Vaughn, met with Mr. and Mrs. Johnson to discuss their concerns with the math class. Otherwise, denied.

40. Defendants admit that, following the October 5 meeting, the Johnsons and staff at Ricks Center exchanged multiple emails concerning the math class, but state that those emails speak for themselves. Otherwise, denied.

41. Defendants admit that Mr. Harrer had multiple meetings with the Johnsons in late October concerning the math class. Otherwise, denied.

42. Denied.

**Continued Harassment and Safety Concerns**

43. Defendants admit that during a meeting in late October Mr. Johnson and Mr. Harrer mutually agreed that it would be best if the children were transferred to another math class. Otherwise, denied.

44. Defendants admit that the school agreed to transfer the children to another math class. Otherwise, denied.

45. Denied.

46. Defendants lack sufficient information to admit or deny the allegations in Paragraph 46 and further note that the allegations in this paragraph are vague as to whom, if anyone, the "concerns" were addressed.

47. Denied.

**Psychiatric Crisis and Hospitalization**

48. Denied.

49. Defendants admit that L.W.J. was admitted to the hospital in early December over mental health concerns. Otherwise, denied.

50. Defendants lack sufficient information to admit or deny the allegations in Paragraph 50, including the length of hospitalization.

51. Defendants admit that Mr. and Mrs. Johnson told hospital staff that they believed that L.W.J.'s interactions with Ms. Matteson were a factor in her mental health condition. Otherwise, denied.

52. Admit.

**Safety Plan and Continued Violations**

53. Defendants admit that on December 11, 2023, staff at Ricks Center held a re-entry meeting with L.W.J. and her parents to develop a re-entry and safety plan.

54. Denied.

55. Denied.

56. Denied.

**Retaliation Against Parents**

57. Defendants admit that a Letter of Expectations was provided to Mr. and Mrs. Johnson in response to their behavior toward staff at Ricks Center but state that this Letter speaks for itself. Otherwise, denied.

58. Denied. The letter speaks for itself.

59. Denied.

60. Denied.

**Forced Withdrawal from School**

61. Defendants admit that the Johnsons opted to withdraw L.W.J. from Ricks Center in January 2024. Otherwise, denied.

62. Defendants admit that the Johnsons opted to withdraw C.R.J. from Ricks Center in March 2024. Otherwise, denied.

**Harm to Family**

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

**Pattern of Discrimination and Retaliation**

71. Denied.

72. Denied.

73. Denied.

74. Denied.

## V. CAUSES OF ACTION
### Count I
### Violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794

75. All previous responses to allegations are incorporated herein.

76. No response is required. If required, denied.

77. No response is required. If required, denied.

78. Admit.

79. Defendants admit that L.W.J. and C.R.J. were enrolled students at Ricks Center. Otherwise, denied.

80. Defendants admit that staff at Ricks Center were aware of L.W.J. and C.R.J.'s diagnosed conditions as those conditions were reflected in documents provided to the school. Otherwise, denied.

81. Denied.

82. Denied.

83. Denied.

## Count II
## Violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 – Retaliation

84. All previous responses to allegations are incorporated herein.

85. No response is required. If required, denied.

86. Defendants lack sufficient information to admit or deny the allegations in Paragraph 86.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the relief requested.

## JURY DEMAND

Defendants demand a trial on all issues triable by jury pursuant to F.R.C.P. 38.

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim for which relief can be granted.
2. Plaintiffs cannot establish requisite intent for recovery of compensatory damages.
3. Parents lack standing to recover damages on behalf of their minor children.
4. Defendants' actions or inactions are not the proximate or legal cause of some or all of Plaintiffs' alleged damages.
5. Plaintiffs have failed to take reasonable steps to mitigate damages, if any.
6. Plaintiffs seek damages or forms of relief that are not legally recoverable under the claims asserted.

Respectfully submitted this 2nd day of April 2026.

*s/Elliott V. Hood*
Elliott V. Hood
Zoe Verhoeven
CAPLAN AND EARNEST LLC
3107 Iris Avenue, Suite 100
Boulder, Colorado 80301
303-443-8010
ehood@celaw.com
zverhoeven@celaw.com

## CERTIFICATE OF SERVICE

This is to certify that on April 2, 2026, a true and correct copy of the foregoing was filed with the U.S. District Court of Colorado CM/ECF System which will notify the following:

Jenipher R. Jones, Esq.
For the People, LLC/A People's Legal Office, LLC
jenipherj@forthepeoplelegal.com
*Attorney for Plaintiffs*

s/*Shelley McKinstry*
Shelley McKinstry, Paralegal